UNITED STATES DISTRCT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

MICHAEL SCRIBNER, on behalf of )
himself and all others similarly situated, )
)
Plaintiff, )
)
v. ) **JURY DEMANDED**
)
OCEAN STATE JOBBERS, INC., )
)
Defendant. )

## COLLECTIVE ACTION COMPLAINT

**I.      INTRODUCTION**

1.      This is an action brought on behalf of all assistant store managers employed by Defendant Ocean State Jobbers, Inc. (hereinafter, "Ocean State" or "Defendant") for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.  As set forth below, Ocean State has misclassified Plaintiff and others similarly situated as exempt from the FLSA's requirement to pay employees overtime for hours worked in excess of 40 per week.  In fact, the primary duties of Ocean State's assistant store managers are *not* management and the assistant store managers do not qualify for any of the FLSA's recognized exemptions to the overtime pay requirement. As a result of this misclassification, Ocean State has failed to pay Plaintiff or any of its assistant store managers time-and-a-half for their overtime hours.  Moreover, Ocean State assistant store managers, including Plaintiff, routinely work in excess of 40 hours per week.

1

2. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendant who have been improperly misclassified and denied time-and-a-half for hours worked in excess of 40 per week. These employees have worked at Ocean State's stores in Connecticut, Massachusetts, New Hampshire, New York, Rhode Island and Vermont at any time since April \*\*, 2011. Plaintiff seeks reimbursement of overtime wages, for himself and any individuals who opt-in to this litigation, as well as liquidated damages, attorneys' fees and costs, as provided for by law.

**II.    PARTIES**

3. Plaintiff Michael Scribner ("Plaintiff" or "Scribner") is an adult resident of Newmarket, New Hampshire. Scribner has worked for Defendant as an assistant store manager since October 2010, first in Defendant's Portsmouth, New Hampshire store and, since July 2012, in Defendant's Hookset, New Hampshire store. Scribner routinely works 50 or more hours a week for Defendant but has never been paid time-and-a-half for hours worked over 40 in a single week.

4. Plaintiff brings this action on his own behalf and on behalf of all similarly situated individuals who have worked as assistant store managers for Defendant and who may choose to opt-in to this action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff and all other Ocean State assistant store managers are similarly situated because they are all subject to Defendant's common plan or practice of classifying individuals in that position as exempt from overtime and denying them time-and-a-half pay for hours worked over 40 in a single week as a result.

6. Defendant Ocean State Jobbers, Inc. is a corporation with its principal office in North Kingstown, Rhode Island. Defendant, on its own and through various affiliated corporations and limited liability companies, owns and operates numerous Ocean State Job Lot stores throughout New York and New England.

7. Defendant creates and enforces company-wide policies and procedures that govern the operations of each of its stores. Among other topics, these corporate policies and procedures govern recruitment, hiring, training, compensation, management, and termination of store personnel, including assistant store managers.

8. Defendant is an employer for purposes of the FLSA because it retains the power to hire and fire assistant store managers; supervises and controls the work of assistant store managers – including the conditions of employment – through its agents; maintains employment records for assistant store managers; and has the authority to set rates, schedules and methods of payment for those employees.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has brought a claim pursuant to federal law, namely, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

10. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b)(1) because Defendant does business in Massachusetts, with over 46 stores in the Commonwealth, more than any other state in which Defendant operates.

## IV. FACTS

11. Plaintiff Scribner has been employed as an assistant store manager for Defendant since October 2010, first in its Portsmouth, New Hampshire store and, since July 2012, in its Hookset, New Hampshire store.

12. Ocean State requires that Plaintiff, like all assistant store managers, work at least 48 hours per week and 54 hours per week during certain times of the year. Plaintiff has routinely worked more than 40 hours per week during his tenure with Ocean State.

13. Defendant classifies all of its assistant store managers, including Plaintiff, as "exempt" from the overtime requirements of the FLSA, regardless of the size, location or sales volume of the employee's store. As a result of this classification, Ocean State does not pay its assistant store managers time-and-a-half for hours worked over 40 in a given week.

14. Despite this classification, Plaintiff and other assistant store managers spend well over fifty percent of their time performing non-exempt work, including: unloading shipments of merchandise to the stores, sorting and processing merchandise and stocking shelves.

15. Individuals apply for a position as an assistant store manager with Ocean State by completing a standardized, online job application that is processed in Defendant's corporate headquarters.

16. Once hired, assistant store managers are trained by Defendants using uniform training materials prepared by Defendant and through corporate trainers who

4

travel throughout the Northeast to ensure compliance with Defendant's training requirements.

17. Assistant store managers share a common job description and all report directly to a store manager.

18. All of Ocean State's assistant store managers are subject to common corporate policies and procedures created by Defendant.

19. The job duties and responsibilities of Ocean State's assistant store managers do not require the employees to exercise discretion or independent judgment on matters of any significance.

20. Assistant store managers do not have the authority to hire or fire other store employees.

21. Assistant store managers are closely supervised by Defendant's more senior employees and agents.

22. Assistant store managers are paid on a salary basis, at a flat weekly rate, regardless of how many hours they work per week. Assistant store managers' compensation is comparable to Defendant's non-exempt store associates when the overtime they spend on the job is taken into account.

23. The primary value of assistant store managers to Defendant is not any managerial tasks they perform but the non-exempt, primarily manual labor they perform for the company.

**24.** Defendant's failure to pay Plaintiff and other assistant store managers time-and-a-half for their overtime hours, despite their eligibility for overtime pay, is a willful violation of the FLSA.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

Defendant's knowing and willful failure to pay Plaintiff and other similarly situated individuals who may choose to opt-in to this case the overtime compensation to which they are entitled violates the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

## DEMAND FOR RELIEF

Plaintiff requests a trial by jury on these claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Permission to notify similarly situated individuals of their right to opt in to this action, pursuant to 29 U.S.C. § 216(b);

b. An award of unpaid overtime compensation;

c. An award of liquidated damages;

d. Attorneys' fees and costs;

e. Pre-judgment and post-judgment interest; and

f. Any other relief to which Plaintiff or other individuals who opt-in to this case may be entitled.

Respectfully submitted,

MICHAEL SCRIBNER, Individually and on behalf of others similarly situated


By: */s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO # 640716
Sara Smolik, BBO # 661341
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994.5800
(617) 994.5801
sliss@llrlaw.com
ssmolik@llrlaw.com

Richard E. Hayber, *pro hac vice anticipated*
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com

Jordan M. Lewis
Kelley/Uustal, PLC
Courthouse Law Plaza
700 SE 3rd Ave, Third Floor
Ft. Lauderdale, FL 33316
100 Washington Avenue South
(954) 522-6601
(954) 522-6608 (facsimile)
jml@kulaw.com


Attorneys for Plaintiffs

April 2, 2014