```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

------------------------------x
                              :
MICHAEL SCRIBNER, et al.      :    Civ. No. 3:14CV01486(AWT)
                              :
v.                            :
                              :
OCEAN STATE JOBBERS, INC.     :    September 14, 2016
                              :
------------------------------x
```

### ORDER ON MOTION TO COMPEL DISCOVERY RESPONSES [Doc. #96]

Pending before the Court is a motion by plaintiffs Michael Scribner, et al. ("plaintiffs") to compel responses to discovery requests. [Doc. #96] The motion was referred to the undersigned on July 27, 2016, [Doc. #101] and a conference regarding the motion was held on August 9, 2016. [Doc. #110] Following the conference, the Court entered an Order directing the parties to meet and confer in good faith to resolve their outstanding issues, and to file a Joint Status Report indicating the results of the parties' discussions. See Doc. #112 at 6-7.

The parties submitted their Joint Status Report on August 29, 2016, identifying one outstanding disagreement and one item that is the subject of ongoing discussion between the parties. [Doc. #126] As set forth herein, the Court GRANTS plaintiff's motion, in part.

**I.     Request 12 (as numbered in Doc. #107)**

The parties' Joint Status Report indicates that the sole matter still in dispute is plaintiffs' Request 12. See Doc. #126. Request 12 seeks production of "[t]o-do lists from the stores where 15 of the Plaintiffs worked." Doc. #107 at 2.[1] Defendant objects to production of all such to-do lists, arguing that such a request is overly broad, and will encompass many irrelevant documents that do not pertain to the duties of assistant store managers. See Doc. #126 at 2. Defendant thus proposes limiting the search (and production) to those lists that contain the first and/or last name of an assistant store manager. Id. Plaintiffs contend that defendant's approach will exclude many relevant documents. Id. Plaintiffs "note that many of the exemplar to-do lists which were produced by Plaintiff Michael Scribner include either initials or, for many items, no names at all." Id. at 2-3.

The plaintiffs also contend that they are now entitled to to-do lists from the stores employing all 57 opt-in plaintiffs

---

[1] The request herein referred to as "Request 12" actually seeks a subset of documents sought by what was originally designated Request for Production #9, which requested "[a]ny and all documents relating to the assignment of employee duties at Defendant's stores[.]" Doc. #96-2 at 6. The request for "to-do lists" is the only portion of the original request that remains disputed. This request was identified as number 12 on the list of outstanding disputes submitted to the Court in advance of the hearing. See Doc. #107.

in light of Judge Thompson's Order [Doc. #123] granting defendant's motion to depose all 57 opt-in plaintiffs. See Doc. #126 at 1.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). The Court must consider the relevance of the discovery sought, which "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), citing Hickman v. Taylor, 329 U.S. 495, 501 (1947).

> The Court is also called upon to engage in a proportionality analysis, and must balance the value of the requested discovery against the cost of its production. ... The Court must limit discovery otherwise allowed if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient,

> less burdensome, or less expensive. Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way.

Family Wireless #1, LLC v. Auto. Techs., Inc., No. 3:15CV01310(JCH), 2016 WL 3911870, at *2 (D. Conn. July 15, 2016) (internal citations and quotation marks omitted).

As noted at the conference and in its August 9, 2016, Order, the Court considers the requested to-do lists generally discoverable. See Doc. #112 at 4. The very heart of this case is the assignment of tasks at defendant's stores; a "to-do list" that provides any insight into who was assigned to do what in a given store is highly relevant to the issues at hand. Defendant has not shown why limitations on the search or production of these documents are necessary, or how the production of all to-do lists for each of the fifteen representative plaintiffs would be unduly burdensome. See, e.g., Sullivan v. StratMar Systems, Inc., 276 F.R.D. 17, 20 (D. Conn. 2011) ("[Defendant] must specifically show how plaintiff's requests ... are overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." (internal citation and quotation marks omitted)). On the other hand, plaintiffs have not established any need for the to-do lists from the stores where all 57 plaintiffs were employed. The fact that the defendant now has the right to depose all 57 plaintiffs does not

necessarily mean that the records obtained from the representative sample will be insufficient to provide the information plaintiffs require. Absent some showing that there are meaningful differences among the stores in the use or contents of these to-do lists, the Court finds that production of the to-do lists for the stores employing the fifteen representative plaintiffs sufficient, and proportional under the circumstances.

Accordingly, plaintiffs' Motion to Compel is **GRANTED**, as to the to-do lists from the stores at which the fifteen representative plaintiffs were employed. Defendant shall search for and produce all to-do lists from the stores where the representative fifteen plaintiffs worked, for the relevant time period.[2] This production shall be made on or before **October 14, 2016.**

**II. Request 13 (as numbered in Doc. #107)**

With respect to Request 13, requesting "[e]mails and other instructions from the Defendant's Home Office to the stores where 15 of the Plaintiffs worked[,]" [Doc. #107], the parties report that they have agreed to an initial set of search terms and to "the email in-boxes of the stores" to be searched. See

---

[2] The Court presumes that the parties are in agreement as to the relevant time period, as their status report indicates no dispute as to that issue.

Doc. #126 at 3. While the parties' Joint Status Report also indicates that they may agree to additional search terms, there appears to be no outstanding dispute before the Court; therefore, plaintiffs' Motion is **DENIED, as moot,** with respect to item thirteen.

### III. Conclusion

The parties have indicated that no other issues with respect to plaintiffs' Motion to Compel remain in dispute. See Doc. #126 at 1. Accordingly, plaintiffs' Motion to Compel is **GRANTED, in part, and DENIED, in part,** as set forth herein.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 14th day of September, 2016.

```
                              /s/
                    HON. SARAH A. L. MERRIAM
                    UNITED STATES MAGISTRATE JUDGE
```